NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAYSEN McCLEARY, | No. 24-3625 |
| Plaintiff - Appellant, | D.C. No.<br>9:24-cv-00006-DLC |
| v. | |
| | MEMORANDUM* |
| DAVID NELMARK; SCOTT BEATTIE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted February 18, 2026**

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Jaysen McCleary appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action arising out of state court proceedings. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Flaxman v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ferguson*, 151 F.4th 1178, 1184 (9th Cir. 2025). We affirm.

The district court properly dismissed McCleary's action because his claims are barred by Eleventh Amendment immunity. *See Munoz v. Superior Ct. of Los Angeles County*, 91 F.4th 977, 981 (9th Cir. 2024) (explaining that "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment," including for prospective injunctive relief).

The district court did not abuse its discretion by dismissing McCleary's action without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider arguments raised for the first time on appeal. *See Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025).

All pending motions are denied.

**AFFIRMED.**